Filed 6/18/14  Katoozian v. Bank of America CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ALEXANDER A. KATOOZIAN, | D064482 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00103693-CU-FR-CTL) |
| BANK OF AMERICA N.A. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Randa Trapp, Judge.  Affirmed.

Law Offices of Herbert Papenfuss and Herbert Papenfuss for Plaintiff and Appellant.

Locke Lord, Conrad V. Sison and Daniel A. Solitro for Defendants and Respondents.

Alexander A. Katoozian filed an action for fraud against Bank of America N.A. (BofA) and Select Portfolio Servicing, Inc. (SPS; together with BofA, defendants), alleging BofA produced a forged document during a separate unlawful detainer action

against him. The trial court sustained defendants' demurrer to Katoozian's fraud complaint without leave to amend on the grounds that it was barred by the litigation privilege and Katoozian failed to plead the elements of a fraud claim. Katoozian appeals, contending (1) the litigation privilege does not apply to fraud causes of action, and (2) his action is not barred by res judicata. We conclude Katoozian's claims against defendants were barred by the litigation privilege. Accordingly, the judgment is affirmed and we need not address Katoozian's res judicata argument.

FACTUAL AND PROCEDURAL BACKGROUND

In accordance with the principles governing our review of a ruling sustaining a demurrer, the following factual recitation is taken from the allegations of Katoozian's complaint. (*Moore v. Regents of University of California (*1990) 51 Cal.3d 120, 125.)

After BofA foreclosed on Katoozian's property, it filed an unlawful detainer action against him. In response to discovery requests in the unlawful detainer action, BofA produced an Assignment of Deed of Trust (the Assignment). The discovery response that included the Assignment was verified by Dana Crawford, an employee of SPS.

According to Katoozian, the Assignment was "false and fraudulent" because it purported to assign his note from LaSalle Bank to BofA in 2006, but BofA did not become the successor to LaSalle Bank until 2008. After receiving the Assignment from BofA, Katoozian filed a "Motion in Limine to be heard at the scheduled trial time to dismiss the Complaint of [BofA] based on the fraudulent Assignment." Before that motion was heard, BofA dismissed its unlawful detainer action.

2

Thereafter, Katoozian filed the instant fraud action against BofA and SPS, the servicing agent and custodian of records for BofA. Katoozian's fraud causes of action were based on allegations that BofA produced a false and fraudulent document in the unlawful detainer action.

Defendants demurred to Katoozian's complaint, arguing his claims were barred by the litigation privilege and the doctrine of res judicata. Defendants also asserted that Katoozian failed to plead the requisite elements of his fraud claims. The trial court sustained the demurrer without leave to amend on the basis that the action was barred by the litigation privilege. The trial court also found that Katoozian did not particularly allege reliance and damages.

## DISCUSSION

### I. *Standard of Review*

"'On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law.'" (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650.) "A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground." (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.) In reviewing the complaint, "we must assume the truth of all facts properly pleaded by the plaintiffs, as well as those that are judicially noticeable." (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 814.)

3

Further, "[i]f the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "[S]uch a showing can be made for the first time to the reviewing court [citation] . . . ." (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711.) With these principles in mind, we consider Katoozian's argument.

## II. *Litigation Privilege*

Katoozian argues the trial court erred in sustaining defendants' demurrer because the litigation privilege does not apply to fraud causes of action. We disagree.

The litigation privilege set forth in Civil Code section 47, subdivision (b)(2), affords litigants and witnesses "the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 213.) It applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. [Citations.]" (*Id.* at p. 212.)

The litigation privilege is absolute and broadly applied regardless of malice. (*Jacob B. v. County of Shasta* (2007) 40 Cal.4th 948, 955; *Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1241 [litigation privilege applies to "*all*

4

publications irrespective of their maliciousness"].)  It even applies to fraudulent or perjured communications, as long as the statements pertain to the litigation.  (*Carden v. Getzoff* (1987) 190 Cal.App.3d 907, 915 [privilege protects expert witness accused of making false statements]; *Steiner v. Eikerling* (1986) 181 Cal.App.3d 639, 642-643, [privilege protects forgery of will and presentation of forged document to court].)

Without any citation to authority, Katoozian argues that "[t]he litigation privilege applies only as a defense against actions for libel and slander."  This argument has long been rejected.  "'"Although originally enacted with reference to defamation actions alone [citation], the privilege has been extended . . . to *all* torts other than malicious prosecution.  [Citations.]  Thus, the privilege has been applied to suits for fraud [citations], negligence and negligent misrepresentation [citation], and interference with contract [citation]." [Citation.]'"  (*Seltzer v. Barnes* (2010) 182 Cal.App.4th 953, 969.)

Katoozian's complaint against defendants was based entirely on his allegation that BofA produced a "false and fraudulent" document, the Assignment, in response to a court order in the unlawful detainer litigation.  Production of the Assignment was a communication in the course of the unlawful detainer litigation to achieve the object of the litigation.  Further, the Assignment was directly connected to the litigation in that the court ordered its production.  (See *Silberg v. Anderson*, *supra*, 50 Cal.3d at p. 212.)  Thus, the communication comes squarely within the bar of the litigation privilege.

We also reject Katoozian's argument that we should not apply the litigation privilege broadly to "allow[] attorney[s] and/or litigants to make up evidence, create false evidence, [and] use[] forged documents in litigation without any consequences."  If the

5

allegations in Katoozian's complaint are true, we certainly do not condone the alleged use of a fraudulent document in litigation.  However, the litigation privilege has been broadly applied to cover false statements and forged documents so long as they pertain to the litigation.  (*Carden v. Getzoff, supra*, 190 Cal.App.3d at p. 915; *Steiner v. Eikerling*, *supra*, 181 Cal.App.3d at pp. 642-643.)  When there is a good faith intention to bring a suit, even malicious publications "'are protected as part of the price paid for affording litigants the utmost freedom of access to the courts.'"  (*Carden*, at p. 915.)

In sum, Katoozian has failed to state a viable cause of action against the defendants and no amendment can cure that result as his claims are barred by the litigation privilege.  Accordingly, the trial court properly sustained defendants' demurrer without leave to amend.

DISPOSITION

The judgment is affirmed.  Respondents are entitled to their costs on appeal.


MCINTYRE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.

6